UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

In re:

**Isaac Kendrick,**                                      Case No. 2-15-20212-PRW

    and                                                    Chapter 13

**Elizabeth Kendrick,**

                                                      **HON. PAUL R. WARREN**

    Debtor(s).
-------------------------------------------------------------------x

## MOTION FOR RELIEF FROM AUTOMATIC STAY

**TO:   THE HONORABLE PAUL R. WARREN
        UNITED STATES BANKRUPTCY JUDGE**

      Secured Creditor, U.S. Bank National Association, as Trustee for STRUCTURED ASSET SECURITIES CORPORATION SASCO MORTGAGE LOAN TRUST 2002-12 MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2002-12, by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 362(d)(1) and 11 U.S.C. § 1301 for a modification of the automatic stay provisions for cause, and, in support thereof, states the following:

1.    Debtor(s), Isaac Kendrick and Elizabeth Kendrick, filed a voluntary petition pursuant to Chapter 13 of the United States Bankruptcy Code on March 7, 2015..

2.    On December 15, 1988, Debtor(s) executed and delivered a Promissory Note ("Note") and a Mortgage ("Mortgage") securing payment of the Note in the amount of $64,096.00 to Regency Mortgage Corp. The Mortgage was recorded on December 15, 1988 in Book 9219 at Page 51 of the Public Records of Monroe County, New York. The Mortgage was assigned to Secured Creditor. True and accurate copies of documents establishing a perfected security interest and

ability to enforce the terms of the Note are attached hereto as Composite Exhibit "A." The documents include copies of the Note with any required indorsements, Recorded Mortgage, Assignment(s) of Mortgage, and any other applicable documentation supporting the right to seek a lift of the automatic stay and foreclose, if necessary

3. Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgements, mortgages, and security agreements in support of right to see a lift of the automatic stay and foreclose if necessary.

4. Co-Debtor(s), Sylvia Watkins, are liable on and/or has secured the aforementioned debt with the Debtor(s).

5. The mortgage provides Secured Creditor a lien on the real property located at 562 Mt. Read Boulevard, Rochester, NY 14606, in Monroe County, and legally described as stated in the mortgage attached in Composite Exhibit "A."

6. The terms of the aforementioned Note and Mortgage have been in default, and remain in default, since February 1, 2017, with arrears in the amount of $22,154.01 as of February 7, 2019. A true and accurate copy of Secured Creditor's statement in regard to indebtedness and default is attached hereto as Exhibit "B." As per the Secured Creditor's statement the total amount due is $35,131.58.

7. The stated value of the property is $65,000.00. See Exhibit "C" which is attached hereto and permissible as a property valuation under Fed. R. Evid. 803(8).

8. Based upon the Debtor(s)' Amended Chapter 13 Plan (Docket No. 93) the property is treated outside the plan and Secured Creditor will receive payments directly.

9. Secured Creditor's security interest in the subject property is being significantly jeopardized by Debtor(s)' and Co-Debtor(s)' failure to comply with the terms of the subject loan documents while Secured Creditor is prohibited from pursuing lawful remedies to protect such interest. Secured Creditor has no protection against the erosion of its collateral position and no other form of adequate protection is provided.

10. If Secured Creditor is not permitted to enforce its security interest in the collateral or be provided with adequate protection, it will suffer irreparable injury, loss, and damage.

11. Secured Creditor respectfully requests the Court grant it relief from the Automatic Stay in this case pursuant to §362(d)(1) of the Bankruptcy Code, for cause, namely the lack of adequate protection to Secured Creditor for its interest in the above stated collateral.

12. As stated above, there exists a non-filing Co-Debtor(s), Sylvia Watkins, on the underlying obligation to the Secured Creditor. Pursuant to 11 U.S.C. §1301(c), the Secured Creditor hereby respectfully requests relief from the Co-Debtor stay as expressed in 11 U.S.C. §1301(a) to the extent it applied to the Co-Debtor(s). In support of said request, it is respectfully submitted that the Co-Debtor(s) received consideration for the claim held by the Secured Creditor, at least in the form of money loaned by the Secured Creditor. There is a default in the post-petition payments. Furthermore, it is respectfully submitted that the continuation of the stay as it pertains to the Co-Debtor(s) would irreparably harm Secured Creditor in the absence of post-petition payments.

13. The Trustee shall be notified of any surplus monies realized upon sale of the property in a foreclosure proceeding brought by Secured Creditor.

14. No previous application has been made for the relief request herein.

**WHEREFORE**, Secured Creditor, prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d)(1) and 11 U.S.C. § 1301 to permit Secured Creditor

to take any and all steps necessary to exercise any and all rights it may have in the collateral described herein, to gain possession of said collateral, to seek recovery of its reasonable attorneys' fees and costs incurred in this proceeding, and for any such further relief as this Honorable Court deems just and appropriate.

Dated: February 22, 2019
      Westbury, NY

By: /s/ Barbara Whipple
Barbara Whipple, Esq.
Attorneys for Movant
900 Merchants Concourse, Suite 106
Westbury, New York 111590
518-952-6485
bwhipple@rasflaw.com