UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

In re:

**Isaac Kendrick,**   Case No. 2-15-20212-PRW

   and   Chapter 13

**Elizabeth Kendrick,**

                                            **HON. PAUL R. WARREN**

   Debtor(s).

-----------------------------------------------------------------x

## ORDER PURSUANT TO 11 U.S.C. § 362(d) MODIFYING THE AUTOMATIC STAY IMPOSED BY 11 U.S.C. § 362(a)

Upon the motion, filed February 22, 2019 (the "Motion"), by U.S. Bank National Association, as Trustee for STRUCTURED ASSET SECURITIES CORPORATION SASCO MORTGAGE LOAN TRUST 2002-12 MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2002- 12 (with any subsequent successor or assign, the "Creditor"), for an order, pursuant to section 362(d) of title 11 of the United States Code (the "Bankruptcy Code") vacating the automatic stay imposed in the above-captioned case by section 362(a) of the Bankruptcy Code as to the Creditor's interests in the property located at 562 Mt. Read Boulevard, Rochester, NY 14606 (the "Property") to allow the Creditor's enforcement of its rights in, and remedies in and to, the Property; and due and proper notice of the Motion having been made on all necessary parties; and the Court having held a hearing on the Motion on March 21, 2019; with no opposition interposed, and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing, it is hereby:

    ORDERED that the Motion is granted as provided herein; and it is further

Case 2-15-20212-PRW, Doc 144-3, Filed 02/22/19, Entered 02/22/19 10:41:14, Description: Proposed Order , Page 1 of 2

ORDERED that the automatic stay imposed in this case by section 362(a) of the Bankruptcy Code is vacated under section 362(d) of the Bankruptcy Code as to the Creditor's interests in the Property to allow the Creditor's enforcement of its rights in, and remedies in and to, the Property, including, without limitation, loss mitigation, foreclosure and eviction proceedings; and it is further

ORDERED that the Creditor shall promptly report and turn over to the Trustee any surplus monies realized upon sale of the Property; and it is further

ORDERED that this Order is binding and effective despite any conversion of this bankruptcy case to a case under any other Chapter of Title 11 of the United States Bankruptcy Code; and it is further

ORDERED, that attorneys' fees in the amount of $850.00 and costs in the amount of $181.00 are awarded for the prosecution of this Motion, but are not recoverable from the Debtor or the Debtor's Bankruptcy estate.

Dated: _____, 20____.
      Rochester, New York

                                        _____
                                        UNITED STATES BANKRUPTCY JUDGE